UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN  DIVISION

| | | |
|---|---|---|
| KAY HAMILTON, | ) | Case No.: CV 12-9459-SH |
| Plaintiff, | ) | MEMORANDUM DECISION |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## I. PROCEEDINGS

This matter is before the Court for review of the decision of the Commissioner of Social Security denying plaintiff's applications for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits.  Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned.  The action arises under 42 U.S.C. § 405(g),

1

which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Defendant's Brief in Support of Defendant's Answer; Brief in Support of Plaintiff's Complaint ["Plaintiff's Brief"]), and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

## II. BACKGROUND

On March 8, 2010, plaintiff Kay Marie Hamilton ("plaintiff") filed an application for a period of disability or Disability Insurance Benefits and an application for Supplemental Security Income. Both applications alleged an inability to work since August 31, 2009, due to an affective (mood) disorder and asthma. (See Administrative Record ["AR"] 93-97, 120-127). Plaintiff's applications were denied on July 16, 2010, and denied upon reconsideration on October 28, 2010. (See AR 99-110). On August 10, 2011, following the administrative hearing on July 11, 2011, an Administrative Law Judge ("ALJ") found that plaintiff had a non-severe impairment -- an affective (mood) disorder-- and a severe impairment -- asthma-- but determined that plaintiff was not disabled within the meaning of the Social Security Act. (See AR 12-17).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 1-2), plaintiff filed an action in this Court.

Plaintiff makes one challenge to the ALJ's Decision denying benefits. Plaintiff alleges that the ALJ erred in finding plaintiff's mental impairment (affective [mood] disorder) non-severe.

For the reasons discussed below, the Court finds that plaintiff's claim of error does not have merit.

## III. DISCUSSION

2

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ improperly found plaintiff's impairment to be non-severe.  Specifically, plaintiff claims that: (1) the ALJ did not apply the correct standard of law; (2) the ALJ did not properly consider the treating psychiatrists' opinions; (3) the ALJ did not properly consider plaintiff's credibility; and (4) the ALJ did not properly consider the lay witness testimony. In response, defendant argues that the ALJ properly concluded that plaintiff's mood disorder was not severe.

**A.  The ALJ Applied the Correct Legal Standard.**

Plaintiff contends that the ALJ applied the wrong standard of law in determining that plaintiff's impairment (affective [mood] disorder) was not severe[1].  Specifically, plaintiff claims "the ALJ improperly looked to only [paragraph B] listing criteria" in determining severity and failed to consider other evidence in the record, including "medical evidence, plaintiff's testimony, and statements of lay witnesses."  (Plaintiff's Brief at 6, 22).  Plaintiff further contends that because the ALJ failed to consider the other evidence in the record, the ALJ did not have sufficient evidence to "clearly establish" his finding of non-severity.  (Plaintiff's Brief at 6).  In response, defendant argues that the ALJ applied the correct standard of law and properly considered record evidence.

Here, the ALJ found that plaintiff's "medically determinable depression and anxiety disorders do not cause more than minimal limitations in her ability to perform basic mental work activities."[2]  (AR 13).  In making this finding, the

_____

[1]   Although plaintiff asserts that the ALJ applied the wrong legal standard in determining plaintiff's severity, plaintiff's contention appears to be not whether the ALJ used the right legal standard, but whether substantial evidence supported the ALJ's determination that plaintiff's mental impairment was not severe.  This court will address the issue of whether the ALJ had substantial evidence to support his findings.

[2]   These activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in

ALJ "considered four broad functional areas known as paragraph B criteria" which are "set out in the disability regulations for evaluating mental disorders." (AR 13). In his decision, the ALJ identified each of these criteria -- activities of daily living, social functioning, concentration, persistence or pace, and episodes of decompensation, see 20 C.F.R., Part 404, Subpt. P, App. 1 -- and determined that since plaintiff had "no more than 'mild' limitations in any of the first three functional areas, and 'no' episodes of decompensation," her impairment (mood disorder) was non-severe. (AR 12-15).

Plaintiff argues that it was improper for the ALJ to look at the paragraph B listing criteria in determining severity. However, the ALJ properly applied paragraph B criteria pursuant to 20 C.F.R., Part 404, Subpt. P, App. 1 (stating that severity is measured according to "the functional limitations imposed by mental impairments" and that those functional limitations are assessed by "using the four criteria in paragraph B of the listings"). Therefore, it was proper for the ALJ to apply the paragraph B criteria in determining that plaintiff's mental impairment was not severe.

Plaintiff also argues that the ALJ erred by looking at the paragraph B criteria to the exclusion of other evidence in the record. However, in determining the degree of plaintiff's limitations under each of the paragraph B criteria, the ALJ clearly considered the record evidence. The ALJ examined the following: the opinions of plaintiff's physicians (see AR 13-15 )[discussing the medical assessments of the two treating psychiatrists, the state agency psychiatrist, and the consultative examiner as they pertain to social functioning and concentration, persistence, and pace]; plaintiff's testimony (see AR 13-14[discussing plaintiff's testimony about her daily activities and personal relationships as they pertain to activities of daily living, social functioning, and concentration, persistence and pace]; and lay witness testimony (see AR 13-

_____

a routine work setting.  20 C.F.R. § 404.1521(b).

4

14)[discussing written statements from plaintiff's friend, brother, father, and former employer about the limitations caused by plaintiff's mental impairment]. Therefore, the ALJ's decision about the non-severity of plaintiff's mental impairment was supported by substantial evidence in the record.  See Molina v. Astrue, 674 F.3d 1104, 1110-11 (9th Cir. 2012)(substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and "must be more than a mere scintilla, but may be less than a preponderance").

**B. The ALJ Properly Considered the Treating Psychiatrists' Opinions.**

Plaintiff asserts that the ALJ failed to give proper weight to the opinions of Dr. Cotsen and Dr. Brown, plaintiff's treating psychiatrists.  Defendant asserts that the ALJ provided specific reasons for rejecting the treating psychiatrists' opinions.

Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.  Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  20 C.F.R. § 416.927(b)-(d).  If the treating doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the treating physician's opinion.  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).

Adam Cotsen, M.D., a psychiatrist at the Cedars-Sinai Medical Center, treated plaintiff from December 1996 until January 2011.  (See AR 238-50, 293-304).  Dr. Cotsen diagnosed plaintiff with "major depression that has been complicated by intense anxiety and overspending/shopping."  (AR 290).  In a Work Capacity Evaluation (Mental) form, dated February 12, 2010, Dr. Cotsen opined that plaintiff had the following ability to do work related activities on a

day to day basis: none to slight limitations in most areas of functioning[3], and that plaintiff would miss one day of work a month.  (See AR 174-176).

Paul Brown, M.D., a psychiatrist, treated plaintiff from March 2011 to May 2011. In a Medical Opinion Re: Ability To Do Work-Related Activities (Mental) form, dated June 8, 2011, Dr. Brown opined that plaintiff was seriously limited or unable to meet competitive standards in most areas of functioning[4], and would miss more than four days of work a month.  (See AR 356-357).

The ALJ found the opinions of the two treating psychiatrists inconsistent with each other, and specified where he found those opinions to be irreconcilable.  The ALJ specifically found inconsistencies as follows:  Dr. Paul Brown "found the claimant was 'limited but satisfactory' regarding instructions and criticism from supervisors (compared to the extreme limitations determined

---

[3]   In the Work Capacity Evaluation (Mental) form, Dr. Cotsen determined that plaintiff is: not limited in her ability to remember locations and work-like procedures, to carry out very short and detailed instructions, to sustain an ordinary routine without special supervision, to make simple, work-related decisions, to get along with co-workers or peers without distracting them, and to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; slightly limited in her ability to understand and remember very short and simple instructions, to maintain attention and concentration for extended periods, to perform activities within a schedule, to work in coordination with or in proximity to others, to act appropriately with the general public, and to set realistic goals or make plans independently of others; markedly limited in her ability to ask simple questions or request assistance, and to respond appropriately to changes in the work place; and extremely limited in her ability to accept instructions and respond appropriately to criticism of supervisors.  (See AR 174-175).

[4]   In the Medical Opinion Re: Ability To Do Work-Related Activities (Mental) form, Dr. Brown determined that plaintiff is: limited but satisfactory in her ability to carry out very short and detailed instructions, to accept instructions and respond appropriately to criticism of supervisors, to get along with co-workers or peers without distracting them, to interact appropriately with the general public, and to maintain socially appropriate behavior; seriously limited in her ability to remember work-like procedures, to understand and remember very short and simple instructions, to maintain attention in a two hour segment, to sustain an ordinary routine without special supervision, to make simple, work-relate decisions, to ask simple questions or request assistance, and to understand and remember detailed instructions; and unable to meet competitive standards in her ability to work in coordination with or in proximity to others, to deal with normal work stress, to carry out detailed instructions, and set realistic goals or make plans independently of others.  (AR 356-357).

by Dr. Cotsen); 'unable to meet competitive standards' in working in coordination with proximity to others without distraction (compared to light limitations [determined by Dr. Cotsen]); 'limited but satisfactory' in getting along with coworkers or peers without undue distraction or behavioral extremes (compared to no limitations [determined by Dr. Cotsen]) …"  (AR 14).   (See AR 13-15).

In resolving these conflicts, the ALJ found that plaintiff had only mild limitations in concentration, persistence, and pace, and in her abilities to socially function, based on the medical evidence in the record, including: the Psychiatric Review Technique form prepared by Dr. P. M. Balson, the State Agency psychiatric consultant (see AR 261-71)[finding that plaintiff is capable of doing simple and complex tasks; has only mild limitations in peers and public relations; and has mild to moderate limitations in handling stress]; and the Consultative Psychiatric Examination report  prepared by Dr. Ernest Bagner, the psychiatric consultative examiner (see AR 252-55)[finding that plaintiff has no limitations completing simple tasks; mild limitations interacting with peers and the public, maintaining concentration, and completing complex tasks; and mild to moderate limitations handling normal stress at work and completing a normal work week without interruption].

Since an examining physician's opinion may constitute substantial evidence in support of the ALJ's finding of an impairment, and since the opinions of non-examining physicians may also serve as substantial evidence when their opinions are consistent with other evidence in the record, the ALJ appropriately gave the opinions of Dr. Balson and Dr. Bagner significant weight. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

**C. The ALJ Properly Considered Plaintiff's Credibility.**

Plaintiff argues that the ALJ selectively reviewed plaintiff's testimony and failed to provide a clear and convincing reason for rejecting it.  Defendant asserts that the ALJ relied on substantial evidence to discredit plaintiff's testimony.

At the hearing on July 11, 2011, plaintiff testified about her background, work history, symptoms, medications, and daily activities.  (See AR 69-76, 81-84).  Specifically, plaintiff testified she is able to cook, clean, drive, do laundry, go grocery and clothes shopping, use a computer, care for her cats, attend Living History reenactments, teach Scottish Highland dancing, and attend Scottish Highland dancing events.  (See AR 71-75).  Plaintiff also testified that she was unable to work due to her inability to cope with stress and because criticism from others would elicit a "fight or flight" response, or cause her to "fall apart."  (See AR 75-78).

In the Decision, the ALJ noted inconsistencies between plaintiff's above testimony and the record evidence as follows:

> The claimant has mild limitations [in the functional area of activities of daily living].  The record, including statements of the claimant's friend Connie Nader, shows that she is able to: take care of her personal needs; prepare meals; clean the house; take out the trash; do the laundry; read; watch videos; use a computer; care for her cats; drive a car; shop in stores; and teach Scottish Highland dancing and attend dancing events.  (AR 13).

Additionally, in regard to plaintiff's social functioning, the ALJ noted that one of the plaintiff's treating psychiatrists, Dr. Brown, had found the plaintiff "limited but satisfactory" regarding instructions and criticism from supervisors.  (AR 14, citing 356-57).

The ALJ properly found plaintiff's testimony less reliable based on physician evidence saying that she is capable of complex tasks and only mildly limited in her ability to socially function.  (See AR 271); See Thomas, 278 F.3d

at 958-59 (holding that an ALJ may consider "testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains," when weighing credibility).

Moreover, the ALJ properly found plaintiff less credible based on Ms. Nader's statement about plaintiff's daily conduct.  (See AR 180-90); See Thomas, 278 F.3d at 958-59 (noting that when weighing the claimant's credibility, the ALJ may consider inconsistencies between claimant's testimony and her conduct).

Therefore, the ALJ provided clear and convincing reasons for rejecting plaintiff's subjective complaints.  See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)(holding that the ALJ may reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so).

**D.  The ALJ Properly Considered Lay Witness Testimony.**

Plaintiff contends that the ALJ did not properly consider the testimony of the lay witnesses.  In response, defendant argues that the ALJ provided valid reasons, supported by substantial evidence, for rejecting the lay witness statements.

Here, plaintiff's brother, father, former employer, and friend each submitted a written statement.  (See AR 180-90, 226-27, 367, 370).  To properly reject lay testimony, the ALJ must give a reason germane to the witness for doing so.  Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008).

Plaintiff argues that the ALJ failed to properly consider lay witness testimony because the ALJ did not explicitly reject the testimony in regard to the severity of plaintiff's mental impairment.  (Plaintiff's Brief at 21). Although the ALJ did not recite particular words for rejecting lay testimony, see Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989)(holding that it is not required for the ALJ to "recite the magic words, 'I reject [an individual's] opinion because…'"),

9

the ALJ clearly considered the testimony of each witness and discussed evidence to the contrary of their statements.  See Id (holding that as long as the ALJ summarizes "the facts and conflicting clinical evidence in detailed and thorough fashion, stating his interpretation and making findings," the reviewing court may draw inferences from the ALJ's opinion).

The ALJ considered the witness testimony as follows:

> The claimant's brother and father state that the claimant has difficulty accepting criticism; a friend reports difficulty with work and personal relationships; a former employer cites difficulties in relationships with other employees.  However, the evidence shows [plaintiff] has a close relationship with her family; … has a good relationship with her friends; talks to her family and friends frequently; e-mails her friends and her brother; celebrates birthdays; teaches Scottish Highland dancing and meets with her dancing friends one to four days a week from an hour to the entire day; and has a long-term relationship with a male friend (who is also her landlord). … A review of other [medical] opinions in the record … indicates only mild limitations in social functioning. (AR 13, citing, 72-75, 180-87, 226, 253, 255, 269, 367, 370).

Additionally, the ALJ considered the lay witness testimony in regard to concentration, persistence or pace as follows:

> According to her former employer, the claimant would be shown something on one day but would look at it like she had never seen it before on the next day.  Ms. Nader, the claimant's friend also reports problems with memory, completing tasks, concentration, and following instructions. However, the claimant is still able to read, study history, use a computer, and teach Scottish Highland dancing.
>
>  [The examining and state agency physician] both only find mild limitations in this area. …I conclude that the claimant has mild limitations

10

in concentration, persistence, and pace.  (AR 14, <u>citing</u>, 72-75,184-86, 226, 255, 269).

The ALJ properly considered the opinions of plaintiff's brother, father, former employer, and friend because they were inconsistent with plaintiff's testimony and the medical evidence.  <u>See</u> <u>Baylis v. Barnhart</u>, 427 F.3d 1211, 1218 (9th Cir. 2005)(holding that "inconsistency with medical evidence" is a germane reason for discounting lay witness testimony); <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1164 (9th Cir. 2008)(holding that inconsistency with plaintiff's conduct is a proper basis on which to reject lay witness testimony).

## IV. <u>CONCLUSION</u>

For the forgoing reasons, the decision of the Commissioner is affirmed.

DATED: <u>July 30, 2013</u>

_____

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE